## MADSEN v. CHOURNOS.

No. 6545.   Decided October 20, 1942.   (129 P. 2d 986.)

See 36 C. J. Landlord & Tenant, sec. 1796; 32 Am. Jur., 855.

*M. C. Harris,* of Logan, and *Maurice Harding,* of Provo, for appellant.

*Thatcher & Young,* of Ogden, for respondent.

PER CURIAM.

Respondent filed a motion in this court to dismiss the appeal on the ground that the action is an unlawful detainer proceeding and that the appeal from the judgment of dismissal was not taken within ten days as required by Section 104-60-14, R. S. U. 1933. An examination of the complaint indicates that the relief sought is possession of the premises together with treble damages for alleged unlawful detainer. A copy of the written contract between the parties is attached to the complaint, but it merely serves to indicate how the tenancy of defendant arose and to set forth the theory of plaintiff that she could terminate the tenancy by paying to defendant the balance of the indebtedness.

There was a demurrer to the complaint interposed by defendant, which required the court to construe the written instrument to ascertain whether or not plaintiff might be entitled to the relief sought or any other relief. The mere fact that the court would be required to interpret the written agreement to ascertain whether or not plaintiff could lawfully tender the unpaid balance of the money to defendant and demand surrender of possession of the land, or whether defendant was entitled to remain in possession as a tenant until the rentals for use and occupation had offset the improvements for which the indebtedness arose, would not change the action from one of unlawful detainer. In sustaining the demurrer the trial court correctly ruled that the action was an unlawful de-

tainer proceeding, irrespective of whether or not the lower court was right in holding that the written agreement did not give plaintiff the right to pay the balance of the indebtedness and to recover possession.

In ruling on the motion for dismissal of this appeal, we are not called upon to construe the written agreement. The lower court dismissed the action because plaintiff failed to amend within the time allowed. The appeal was taken from the judgment of dismissal, and it should have been taken within the period of ten days. If the plaintiff desires this court to construe such written agreement in any subsequent action, it will be necessary for the appeal from any adverse judgment to be taken within the time required by statute. The appeal in this case is therefore dismissed.