**Ronald VICKERY, Plaintiff and Appellant,**

**v.**

**Robert KAISER et al., Defendants and Respondents.**

**No. 14432.**

Supreme Court of Utah.

Nov. 2, 1976.

Brian M. Barnard, Salt Lake City, for plaintiff and appellant.

Elliott J. Williams of Worsley, Snow & Christensen, Salt Lake City, for defendants and respondents.

ELLETT, Justice:

The plaintiff appeals from a judgment awarding him $60 damages in a forcible entry case. (The award actually was $20 which, pursuant to Section 78–36–10, U.C. A.1953, was trebled.)

The plaintiff was a tenant of defendants Kaiser. He failed to pay rent, whereupon the Kaisers placed a lock upon the door of plaintiff's apartment. Plaintiff then sued for damages and restoration of the apartment, together with punitive damages.

Section 78–36–8 of the Utah Code provides for a shortening of time to answer in cases of forcible entry and unlawful detainer; and pursuant thereto, the plaintiff caused the court to order that the time for defendants to answer the complaint be shortened to three days after service of summons upon them. Thus, this action is clearly one brought under the forcible entry statute.

A judge of the trial court granted a motion for partial summary judgment on the issue of liability only. Thereafter, on December 18, 1975, the case was tried to a jury. On December 30, 1975, the plaintiff filed a motion for a new trial, which motion was denied on January 14, 1976. A notice of appeal was filed five days later.

The statute on forcible entry and unlawful detainer was enacted to enable parties to have a speedy determination of the right to possession of property without having to resort to violence. The statute

provides for means of a speedy determination of the issues in several particulars, among which are (a) the time to answer may be shortened to three days; (b) an appeal must be taken within ten days from the judgment rendered.[1]

 The appeal in this matter was not taken within ten days after judgment, nor was a motion for a new trial made within that time.[2] Thus, this court did not acquire jurisdiction to determine the matters.

The appeal is therefore dismissed with costs to the respondents.

HENRIOD, C. J., MAUGHAN and CROCKETT, JJ., and THORNLEY K. SWAN, District Judge, concur.

---

1. Section 78–36–11, U.C.A.1953; *Coombs v. Johnson*, 26 Utah 2d 8, 484 P.2d 155; *Madsen v. Chournos*, 102 Utah 247, 129 P.2d 986 (1942).

2. Rules 59(b) and 73(a), Utah Rules Civil Procedure.